Argued and submitted September 19, affirmed December 7, 1983

In the Matter of Clackamas County's
Comprehensive Plan and Implementing Measures:

CARMEL ESTATES, INC.,
*Petitioner,*

*v.*

LAND CONSERVATION AND
DEVELOPMENT COMMISSION et al,
*Respondents.*

(83-CONT-15; CA A27343)

672 P2d 1245

Wayne D. Landsverk, Portland, argued the cause for petitioner. With him on the brief were Roger L. Meyer, and Newcomb, Sabin, Meyer & Schwartz, Portland.

Michael B. Huston, Assistant Attorney General, Salem, argued the cause for respondent Land Conservation and Development Commission. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Mary J. Deits, Assistant Attorney General, Salem.

Richard P. Benner, Portland, argued the cause and filed the brief for respondent City of Sandy.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

**NEWMAN, J.**

Petitioner seeks review of an order of the Land Conservation and Development Commission (LCDC) of February 9, 1983, that acknowledged the comprehensive plan of Clackamas County under ORS 197.251 and OAR 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 to OAR 660-03-030, but granted a continuance for the county to do additional work toward compliance as to petitioner's 12-acre tract known as "13, Carmel Estates." The county's plan had provided for an exception to Goal 3 for the tract under Goal 2. LCDC's order rejected the county's exception and granted the county 150 days in which to complete the necessary additional planning:

"For * * * 13, Carmel Estates, Clackamas County's Comprehensive Plan and land use regulations did not comply with the requirements of Statewide Planning Goal 2, Part II, Exceptions for the reasons set forth in Section IV (pp. 11-15) of the Department's report as amended and adopted by the Commission on December 21, 1982 and reconsidered and amended on January 27, 1983. Additionally, the Commission finds that the consequences of allowing Exception Area 13, Carmel Estates, would be substantial to the County as a whole because of the potential conflicts with the City of Sandy and because of a major problem with the lack of City/County coordination. Therefore, because Clackamas County has not complied with the requirements of Goal 2, Part II, Exceptions for * * * 13, Carmel Estates, it must be replanned and rezoned to comply with Statewide Planning Goals 3 and 4. For all other Statewide Planning Goals, Clackamas County's plan and land use regulations as applied to * * * 13, Carmel Estates, comply with the Statewide Planning Goals.

"A continuance would likely enable Clackamas County to obtain an acknowledgment of compliance for * * * 13, Carmel Estates, more expeditiously than would a denial of acknowledgment because the nature of the revision needed is minor, only affects two Goals and will not require a substantial amount of time for the Department's analysis and notice actions which are initiated when a jurisdiction resubmits its plan and implementing measures following denial.

"The Department of Land Conservation and Development has determined that the additional work toward compliance with Statewide Planning Goals 3 and 4 for * * * 13, Carmel Estates, can be completed within the substantial amount of time of 150 days."

Petitioner assigns as error LCDC's finding that the county's exception to Goal 3 for petitioner's tract was not justified. It argues that the exception was amply supported by the evidence. We find that LCDC's order with respect to petitioner's tract is supported by substantial evidence in the record and that LCDC properly interpreted the applicable law and acted within its range of discretion.

Goal 2, Part II, provides that an exception to a statewide planning goal may be taken "[w]hen during the application of the Statewide goals to plans, it appears that it is not possible to apply the appropriate goal to specific properties and situations * * *." If a local governing body adopts an exception to a goal then the compelling reasons and facts for that conclusion have to be set forth completely in the plan and must include:

"(a)   Why these other uses should be provided for;

"(b)   What alternative locations within the area could be used for the proposed uses;

"(c)   What are the long term environmental, economic, social and energy consequences to the locality, the region or the state from not applying the goal or permitting the alternative use;

"(d)   A finding that the proposed uses will be compatible with other adjacent uses."

*See also Still v. Board of County Comm'rs,* 42 Or App 115, 122, 600 P2d 433 (1979), *rev den* 288 Or 493 (1980).

We assume, for the purposes of this case, that the county's findings of fact as to: (1) need, (2) alternatives, (3) consequences and (4) compatability, if based on substantial evidence, bind LCDC.[1] LCDC, however, has the responsibility to determine whether a county's findings of fact support the conclusions that the four factors have been met and whether "it is not possible to apply" Goal 3 to particular property. Because the county must set forth "the compelling reasons

---

[1] Under ORS 197.251, as amended by Or Laws 1983, ch 827, §19a(6)(a), effective August 4, 1983, LCDC is bound by any findings of fact for which there is substantial evidence in the record of the local government proceedings resulting in approval or denial of the exception. LCDC, however, has the responsibility under § 19(a)(6)(b) to determine whether the county's findings and reasons demonstrate that the standards for an exception have been met.

and facts" for granting an exception, LCDC can uphold the county's conclusion only if the facts and reasons would enable a reasonable person to reach that conclusion. This court then reviews LCDC's determination under ORS 183.482(8).

■        LCDC does not contest the validity of the county's findings of fact. It disagrees, however, with the county's conclusion that the facts and reasons were sufficiently "compelling" to justify an exception. LCDC's order states that the county did not comply with the exception requirements for the reasons set forth in the Department's report, as amended and adopted by the Commission on December 21, 1982, and reconsidered and amended on January 27, 1983. That report states:

> "This area is not committed to non-resource uses nor has it been demonstrated that this type of commercial development must be provided here and the area's commercial needs cannot be satisfied at other nearby sites (see also the Goal 14 section of this report)."

In its findings under Goal 14, LCDC directed:

> "Redesignate and rezone 'Carmel Estates' for non-urban use (see also Goal 3 section of this report)."

LCDC, therefore, concluded that two necessary factors of the exception process, "need" and "alternatives," had not been established. See OAR 660-04-020(2)(b).[2]

We find no merit in petitioner's second assignment of error that the subject property has been irrevocably committed to non-agricultural use. LCDC's order concludes otherwise and is supported by the record.

Affirmed.

---

[2] LCDC's order, by its reference to the department's report, also found that petitioner's proposed use violates Goal 14, a determination that is also supported by the record.